UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| J.H., individually and on behalf of her son, D.W., a minor,<br><br>      Plaintiff,<br> v.<br><br>WILLIAMSVILLE CENTRAL SCHOOL DISTRICT,<br><br>      Defendant. | **DECISION**<br>**and**<br>**ORDER**<br><br>**14-CV-348S(F)** |

_____

| | |
|---|---|
| J.H., individually and on behalf of her son, D.W., a minor,<br><br>      Plaintiff,<br> v.<br><br>WILLIAMSVILLE CENTRAL SCHOOL DISTRICT,<br><br>      Defendant. | **14-CV-679S(F)** |

_____

APPEARANCES:   GOLDSTEIN, ACKERHALT & PLETCHER, LLP
            Attorneys for Plaintiffs
            BRUCE A. GOLDSTEIN, of Counsel
            70 Niagara Street, Suite 200
            Buffalo, New York   14202

            HODGSON RUSS LLP
            Attorneys for Defendant
            CATHERINE G. COOLEY,
            ANDREW J. FREEDMAN, of Counsel
            The Guaranty Building
            140 Pearl Street, Suite 100
            Buffalo, New York   14202

  In these actions Plaintiffs challenge Defendant's refusal to provide for transportation for D.W., Plaintiff JH's severely disabled child, between a special education center, located within Defendant's geographic boundaries, and a center-based after-school program located outside Defendant's district boundaries.

1

Defendant's refusal was based on the Defendant's school transportation policy which limits Defendant's after-school transportation to programs located within Defendant's boundaries.  In Plaintiff's first action, 14-CV-348S(F) ("First Action"), filed May 8, 2014, Plaintiff asserts Defendant's refusal to provide such transportation as well as Defendant's refusal to provide a 1:1 aide that would enable Plaintiff D.W. to be enrolled in an after-school program located within Defendant's boundaries, Complaint ¶ ¶ 17, 22, 49, discriminates against Plaintiffs in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34, deprives Plaintiffs of their rights to equal access to benefits and services – transportation from D.W.'s special education program to an after-school program -- provided by Defendant, and discriminates against Plaintiffs based on D.W.'s disabilities in connection with Defendant's education program activities receiving federal financial assistance in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Plaintiffs' ADA and § 504 action").  Plaintiffs also allege Defendant's § 504 grievance procedure with respect to selection of an independent hearing officer violates impartiality requirements applicable under § 504 ("Plaintiff's due process claim").

In Plaintiffs' second action, filed August 20, 2014, 14-CV-679S(F) ("Second Action"), Plaintiffs assert a claim under the Individual with Disabilities Education Act ("IDEA"), 42 U.S.C. § 1400 *et seq.,* alleging that Defendant's refusal to provide D.W. with transportation to D.W.'s center-based after-school program located outside Defendant's district boundaries, in which D.W. is presently enrolled, or to provide a 1:1 aide that would enable D.W. to enroll in the only in-district center-based after-school program, suitable for D.W., located within Defendant's boundaries in which D.W. could

enroll but for the lack of sufficient professional support, *i.e.*, a 1:1 aide, violates Plaintiffs' rights to a free and appropriate public education ("FAPE") in violation of the IDEA.

By motions filed January 6, 2015 (Doc. Nos. 23-First Action, and 15 Second Action) ("Plaintiffs' motions"), Plaintiffs, pursuant to Fed.R.Civ.P. 42(a) ("Rule 42(a)"), which permits consolidation for trial for cases which "involve common questions of fact or law," request consolidation of both actions for purposes of discovery and trial. According to Plaintiffs, but for the obligation to file timely Plaintiffs' ADA and § 504 claims upon completion of Plaintiffs' § 504 grievance proceedings, prerequisite to Plaintiffs' IDEA action, an assertion not contradicted by Defendant, at which time Plaintiffs' IDEA grievance proceedings were then incomplete, all of Plaintiffs' claims would have been filed in a single action making Plaintiffs' motions unnecessary.

In support, Plaintiffs argue that the common facts and related legal issues arising on Plaintiffs' ADA and § 504 claims in the First Action and Plaintiffs' IDEA claim in the Second Action, warrant consolidation to avoid unnecessary duplication of discovery and presentation of evidence at separate trials thereby promoting convenience of witnesses and judicial economy.  Plaintiffs' Memorandum Of Law In Support Of Plaintiffs' Motion To Consolidate (Doc. No. 15-2) ("Plaintiffs' Memorandum") at 3.  Plaintiffs also request that the Scheduling Orders previously entered, Doc. Nos. 22 and 14, respectively, be amended to accommodate the diversion of counsels' attention to Plaintiffs' motions.  *Id.*

Defendant does not oppose Plaintiffs' motion insofar as it seeks to consolidate both actions for the purposes of discovery; however, Defendant opposes Plaintiffs' motions seeking consolidation for both discovery and trial contending that as Plaintiffs' ADA and § 504 and due process claims in the First Action  and Plaintiffs' IDEA claim in

the Second Action are legally distinct, Plaintiffs have failed to demonstrate the necessary degree of commonality between the actions, a prerequisite for consolidation pursuant to Rule 42(a).  Defendant's Memorandum of Law, Doc. No. 25, at 1-2. Specifically, Defendant contends the standards for liability applicable to Plaintiffs' ADA, § 504, and due process claims are significantly different from Plaintiffs' IDEA claim involving distinctly separate statutes, grievance procedures, and administrative proceedings, including hearings and the dissimilar decisions of different hearing officers. For example, in the First Action asserting ADA and § 504 claims, the hearing officer ruled in Defendant's favor; in the Second Action pursuant to the IDEA, the hearing officer granted Plaintiffs limited relief of reimbursement for Plaintiff J.H.'s past transportation expenses incurred in transporting D.W. from D.W.'s special education center, located outside the district, to the after-school activity center, also outside the district, and remanded the matter to Defendant's special education committee ("Defendant's CSE") for further consideration of whether Plaintiffs' request for a center-based after-school program was essential to D.W.'s IEP (independent education plan) required by IDEA.  14-CV-679S(F) Compl. ¶ ¶ 59-63.  Thereafter, Defendant's CSE determined that D.W. did not require such after-school services, including a 1:1 aide to assist D.W. while attending a center-based after-school program, to provide D.W. with a FAPE (free and appropriate public education) required by IDEA.  *Id.* ¶ 66.  At oral argument, conducted March 23, 2015 (Doc. Nos. 29, 21, respectively), Defendant also contended, without explanation, that consideration of the merits of Plaintiffs' claims in a consolidated trial would prejudice Defendant's ability to defend on the merits.  As noted,

Defendant does not object to consolidation of the two cases limited to discovery reserving questions of admissibility. Defendant's Memorandum of Law at 4-5.

Following oral argument, the court requested the parties submit supplemental briefing specifying the common questions of fact or law in the respective cases. Plaintiffs' Supplemental Memorandum was filed April 9, 2015 (Doc. Nos. 31 First Action, 23 Second Action) ("Plaintiffs' Supplemental Memorandum"); Defendant's Supplemental Memorandum was filed April 13, 2015 (Doc. Nos. 32 First Action, 24 Second Action) ("Defendant's Supplemental Memorandum"). Further oral argument was deemed unnecessary.

In deciding questions of consolidation pursuant to Rule 42(a), courts have broad discretion to consider judicial economy, the risk of prejudice and inconsistent verdicts, the potential for confusion by the trier of fact, the burden on the parties and witnesses, and the time and expense entailed by separate as opposed to a single proceeding. *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing caselaw). However, courts must always be mindful not to sacrifice fairness at the altar of efficiency. *Id.*

Here, Plaintiffs' ADA and § 504 claims turn primarily on whether Defendant discriminated against D.W. based on his disabilities in refusing a reasonable accommodation to its transportation policy's restriction on providing transportation to an out-of-district after-school program, or in failing to provide a 1:1 aide to enable D.W.'s enrollment in such a program located within the district. Plaintiffs' due process claim, assuming it is cognizable under either the ADA or Rehabilitation Act § 504 (an issue not directly addressed by the parties on Plaintiffs' motion) as Plaintiff asserts, turns on

5

consideration of the impartiality of Defendant's selection procedure for independent hearing officers, allegedly required by § 504, to hear Plaintiffs' ADA and § 504 claims.

As to Plaintiffs' IDEA claim, the court will review *de novo*, with due respect to Defendant's determination, *see Scarsdale Union Free School District v. R.C.*, 2013 WL 563377, at *7 (S.D.N.Y. Feb. 4, 2013) ("The standard of review of IDEA cases has been characterized as 'modified *de novo*.'" (quoting *M.R. v. South Orangetown Cent. Sch. Dist.*, 2011 WL 6307563, at *6 (N.D.N.Y. Dec. 6, 2011))) , whether an after-school program suitable for D.W. is essential to D.W.'s entitlement to a FAPE and, if so, whether Defendant's refusal to provide transportation for D.W. to participate in such a program located outside the district in which D.W. is presently enrolled, or an 1:1 aide to enable D.W.'s enrollment in a similar program located within the district, violates Plaintiffs' rights to a FAPE under the IDEA.  Although a jury trial is available in a § 504 case, *see Hernandez v. City of Hartford*, 959 F.Supp. 125, 134 (D.Conn. 1997), and not in an IDEA case, *see Loren F. v. Atlanta Independent School System*, 349 F.3d 1309, 1313 (11th Cir. 2003), neither side has requested one.  Thus, there is no potential for jury confusion if consolidation for both discovery and trial is permitted.  With respect to witness and judicial convenience, Defendant does not contend that consolidation would not promote such convenience.  In short, other than Defendant's contention that there is insufficient commonality in the facts or law relevant to the two cases and Defendant's assertion at oral argument that in a consolidated trial Defendant's ability to defend against each of Plaintiffs' claims would be unfairly impaired, Defendant does not point to other relevant factors that would argue against consolidation.

As to Defendant's contention that the underlying facts relevant to each case are insufficiently similar to support Rule 42(a) consolidation, such contention overlooks that a complete identicality between the cases is not a prerequisite for consolidation under Rule 42(a). Rather, Rule 42(a) requires only that the actions to be consolidated "involve <u>a</u> common question of law <u>or</u> fact" for consolidation to be available. Fed.R.Civ.P. 42(a) (underlining added); *see Saudi Basic Industries Corporation v. Exxonmobil Corporation,* 194 F.Supp.2d 378, 415 (D.N.J. 2002) (citing 8 Moore's Federal Practice, § 42.10 at 42-8 (Matthew Bender, 3d. ed. 1997) ("Moore")). "'Moreover, [c]ommon questions of law and fact do not have to predominate . . .." *Id.* (quoting Moore, *supra*, at § 42.10). Here, the parties do not dispute that key facts, such as Plaintiff D.W.'s disability, Defendant's transportation policy denying transportation to out-of-district after school activities, J.H.'s expenses and inconvenience in transporting D.W. to a suitable after-school program, Defendant's refusal to make an exception for Plaintiffs, Defendant's CSE decision that D.W. does not require after-school activities with or without a 1:1 aide which would permit D.W. to enroll in an in-district center-based after-school program, are common to both cases. Although Defendant stresses that the review process used by parties in each case differ, Defendant's Memorandum at 3, the court fails to see, and Defendant fails to explain persuasively why, how this procedural difference constitutes a strong factor against consolidation.

While to some extent interrelated, the relevant legal issues appear largely independent of each other. Specifically, Plaintiffs' ADA and § 504 case requires a determination of whether Defendant's refusal to provide out-of-district transportation for D.W.'s after-school activity discriminated against Plaintiffs D.W. based on D.W.'s

7

disability.  As to Plaintiffs' IDEA claim, the issue is whether Defendant's refusal to include an after-school program suitable for D.W., which in turn would obviate the denial of transportation issue, deprived D.W. of a FAPE.  Plaintiffs' due process claim is limited to Defendant's independent hearing officer selection procedure as related to Plaintiffs' ADA and § 504 claims and as such is not common to both cases.  Arguably, however, Defendant's failure to include an after-school program in D.W.'s IEP could be relevant to Plaintiffs' claim of Defendant's failure to reasonably accommodate Plaintiffs alleged under Plaintiffs' First Action.  Thus, while there are indisputably common issues of fact (given the nature of the relevant facts it may well be that they could easily be stipulated), the court finds little in the way of commonality with regard to the controlling legal questions.  Nevertheless, such precise commonality of fact <u>and</u> law is not required under Rule 42(a).  *See Saudi Basic Industries Corporation*, 194 F.Supp.2d at 415 (citing Moore § 42.10 at 42-8).

    As to the issue of fairness, raised by Defendant at oral argument, in requiring Defendant to defend all of Plaintiffs' claims in a single proceeding, given that the matter will be tried to a judge rather than a jury, the court fails to see exactly how or why Defendant's defenses would be made more difficult or problematic than if considered in separate trials as Defendant argues.  For example, as noted, Plaintiffs' ADA and § 504 claims will require Plaintiffs show that Defendant's transportation policy discriminated against D.W. based on his disability, or whether the policy was applied in a neutral non-discriminatory manner regardless of such disability, and whether Defendant's refusal to agree to provide Plaintiffs with out-of-district transportation to a center-based after-school program or to provide Plaintiff D.W. with a 1:1 aide represented a reasonable

accommodation that was unreasonably withheld. Plaintiffs' due process claim based on § 504 appears to require consideration of a lack of impartiality in the IHO selection process thereof arising from the specifics of Defendant's § 504 grievance procedure, an issue resolvable by reference to applicable § 504 caselaw analysis, a determination not likely to render more difficult Defendant's defense in a consolidated trial than if the issue were considered in separate from Plaintiffs' IDEA claim.

Closely examined, Defendant's assertion of prejudice appears to be predicated on the notion, insufficiently articulated by Defendant, that if, in a consolidated trial, the court agreed with Plaintiffs' ADA and § 504 claims, the court will also be less amenable to Defendant's defense of the adequacy of D.W.'s IEP, without a center-based after-school program, including related transportation, which as Plaintiffs argue, is a necessary component of such IEP. Defendant's opposition on this ground also assumes if that the court sustains Plaintiffs' ADA and § 504 claims, it would be necessary to consider Plaintiffs' IDEA claim in order to accord Plaintiffs' complete relief. However, if the court sustains Plaintiffs' ADA and § 504 claims, Plaintiffs will have achieved their primary objective of requiring Defendant to provide transportation to a suitable after-school program for D.W. at Defendant's expense. On the other hand, if the court were to reject Plaintiffs' ADA and § 504 claims, Defendant would suffer no prejudice in connection with the court's alternative consideration of Plaintiffs' IDEA claims as the court will have decided Defendant did not discriminate against D.W., or fail to accommodate Plaintiffs, based on D.W.'s disability. While the court acknowledges that there is some risk that if the trial judge believes Defendant is guilty of disability discrimination against D.W., the court may find Defendant's defense of

Plaintiffs' IDEA claim less persuasive, assuming it was necessary to consider the IDEA claim, the court finds this risk to be outweighed by the benefits of consolidation in terms of witness convenience, efficiency of discovery, and judicial economy, most obviously by removing duplicate trials of the numerous common facts, assuming the absence of stipulation.  Defendant fails to cite any caselaw suggesting such an amorphous concern, in the circumstances of this case, is sufficient to warrant severance (at oral argument Defendant asserted it would have sought severance had Plaintiff included all claims in a single complaint) where the plaintiff's ADA and § 504 disability discrimination and IDEA claims had been included in the same complaint, and the court's research reveals none.

Moreover, in a consolidated non-jury trial, the trial judge will be acutely aware of the need to apply applicable law to the common, and likely to be conceded, facts relevant to Plaintiffs' claims so as to avoid any possible inconsistency of outcomes however unlikely.  Additionally, as discussed, *supra*, if complete relief is available to Plaintiffs based on a favorable determination of Plaintiffs' ADA and § 504 claim, consideration of Plaintiffs' IDEA claim may be unnecessary.  Conversely, Plaintiffs' failure to establish Plaintiffs' ADA and § 504 claim will not resolve whether Defendant's refusal to include appropriate after-school programming for D.W. violated the IDEA which the trial judge will determine without regard to Plaintiffs' discrimination allegations.  In sum, the court finds that although common questions of law in the two cases do not predominate, Plaintiffs have established that, based on the presence of the requisite relevant common facts, consolidation of Plaintiff's actions for purposes of discovery and trial will promote judicial economy and convenience of witnesses, and that Defendant

fails to demonstrate that consolidation will create any significant unfairness to Defendant in its defense of the First and Second Actions sufficient to outweigh the benefits of consolidated discovery and trial.

## CONCLUSION

Based on the foregoing, Plaintiffs' motions, Doc. Nos. 23 (First Action) and 15 (Second Action) are GRANTED.  The parties shall meet and confer and jointly or individually submit a proposed amended case management order to the court's consideration **within 10 days** of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
          LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  May 4, 2015
         Buffalo, New York